Ronald **PRUDEN**, Appellant

v.

Dr. **BOWER**; Dr. **Brezovskaya**; Dr. **Alterman.**

No. 07–3075.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 4, 2007.

Filed: Nov. 29, 2007.

Ronald Pruden, Graterford, PA, pro se.

Before: BARRY, CHAGARES and VANANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Ronald Pruden, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his motion to proceed *in forma pauperis* as moot. For the reasons that follow, we will summarily vacate and remand.

On April 26, 2007, Appellant filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the District Court. On May 1, 2007, the District Court clerk's office entered an administrative order informing Appellant that his action could not proceed because his motion to proceed *in forma pauperis* was filed on an out-of-date form. The

order provided that Appellant's complaint would be dismissed unless, within thirty days, he either properly completed an *in forma pauperis* application or paid the filing fee. A current *in forma pauperis* form was enclosed with the order. On June 7, 2007, thirty-seven days after the entry of the administrative order, the District Court dismissed Appellant's complaint without prejudice because Appellant neither submitted a revised *in forma pauperis* application nor paid the filing fee. The next day, the District Court received Appellant's revised motion to proceed *in forma pauperis*. On June 21, 2007, the District Court denied Appellant's motion to proceed *in forma pauperis* as moot. Appellant appeals.

"Ordinary, an order that dismisses a complaint or denies an *in forma pauperis* motion without prejudice is neither final nor appealable." *Redmond v. Gill,* 352 F.3d 801, 803 (3d Cir.2003). Here, the District Court dismissed Appellant's complaint without prejudice because he had failed to comply with the requirements set forth in the administrative order. The day after the dismissal of his complaint, the District Court received Appellant's revised *in forma pauperis* application. Instead of re-opening Appellant's case, the District Court denied his *in forma pauperis* motion as moot. Because the denial of Appellant's motion to proceed *in forma pauperis* as moot has the effect of terminating the action, the order is final and appealable. *See id.* Accordingly, we have jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court's dismissal of Appellant's complaint was without prejudice; accordingly, the District Court's order contemplates the re-filing of Appellant's *in forma pauperis* application in compliance with the requirements set forth in the May 1, 2007 administrative order. Appellant's revised *in forma pauperis* ap-

plication was sent prior to the entry of the order dismissing his complaint and was received by the District Court one day after the dismissal of his complaint. Upon consideration of Appellant's current situation as a *pro se* inmate, we conclude that the District Court abused its discretion by failing to construe Appellant's *in forma pauperis* application as a motion to reopen the action.

Because this appeal presents no substantial question, we will summarily vacate the District Court's order and remand for further proceedings. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.